XAVIER BECERRA
Attorney General of California
BENJAMIN M. GLICKMAN
Supervising Deputy Attorney General
TODD GRABARSKY
Deputy Attorney General
SETH E. GOLDSTEIN
Deputy Attorney General
State Bar No. 238228
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-6063
 Fax: (916) 324-8835
 E-mail: Seth.Goldstein@doj.ca.gov
*Attorneys for Defendant
Governor Gavin Newsom*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HARVEST ROCK CHURCH, INC., and HARVEST INTERNATIONAL MINISTRY, INC., itself and on behalf of its member churches in California,**<br><br>Plaintiffs,<br><br>v.<br><br>**GAVIN NEWSOM, in his official capacity as Governor of the State of California,**<br><br>Defendant. | 2:20-cv-06414JGB(KKx)<br><br>**NOTICE OF INTENTION TO OPPOSE TEMPORARY RESTRAINING ORDER; REQUEST FOR ADDITIONAL TIME TO PREPARE AN OPPOSITION AND RECORD**<br><br>Date: December 8, 2020<br>Time: 2:00 P.M.<br>Judge: The Honorable Jesus G. Bernal<br><br>Action Filed: 7/17/2020 |

On December 4, Plaintiffs moved for a temporary restraining order and a preliminary injunction enjoining California's COVID-19 restrictions on houses of worship, with a January 4, 2021 hearing date. Dkt 58. Later that day, Plaintiffs filed a notice stating that no hearing was necessary "and a temporary restraining order and preliminary injunction should issue immediately without a hearing"

1

because of the Supreme Court's order in *Roman Catholic Diocese of Brooklyn v. Cuomo*, 592 U.S. __, 2020 WL 6948354 (Nov. 25, 2020). Dkt. 59 at 2. This Court then set a hearing date for Plaintiffs' motion of December 8. Dkt. 60. Defendant agrees with the Court that a hearing should be held on Plaintiffs' motion. However, Defendant respectfully requests that the Court continue the hearing date until December 18 and set a briefing schedule so that it may receive additional evidence concerning the motion.

Contrary to Plaintiffs' contention, *Roman Catholic Diocese* does not mandate a temporary restraining order here. Although Plaintiffs requested an injunction of California's restrictions on worship services, the Supreme Court did not grant one. Nor did the Supreme Court remand to the Ninth Circuit to consider whether *Roman Catholic Diocese* requires an injunction as a matter of law. Instead, the Supreme Court vacated this Court's previous opinion and remanded to the Court of Appeals with instructions to remand to this Court for further consideration. *Harvest Rock Church v. Newsom*, No. 20A94, 2020 WL 7061630, at *1 (U.S. Dec. 3, 2020). This is the relief that Defendant proposed to allow for further factual development in light of *Roman Catholic Diocese*. *See* Opposition To Emergency Application for Writ of Injunction at fn. 20, 29 (Nov. 30, 2020), *available at* https://www.supremecourt.gov/search.aspx?filename=/docket/docketfiles/html/public/20a94.html.

Also contrary to Plaintiffs' representation, Dkt. 59 at 3, the Supreme Court did not enjoin New York's restrictions on houses of worship merely because New York imposed a severe restriction on worship services. The Supreme Court enjoined a portion of the limits imposed by New York because the New York Governor made comments that appeared to target a religious community and because the State regulations at issue "single out houses of worship for especially harsh treatment." 2020 WL 6948354, at *1. Here, by contrast, there is no such allegation that the Governor targeted any religious community, and California's regulations do not

single out houses of worship.  Instead, like all of California's restrictions, the restrictions imposed on worship services are based on—and proportional to—the risk of transmission posed by the activity.

Defendant intends to file an opposition to Plaintiffs' motion that demonstrates that California's restrictions are unlike New York's and do not violate the Free Exercise Clause under any constitutional standard.  Defendant intends to submit expert testimony from several prominent epidemiologists explaining the scientific bases for California's current restrictions.  Defendant also intends to provide the Court with information about California's current restrictions, as the restrictions described by the parties in July and August have been superseded by an entirely new and different regulatory framework that applies to all activities, whether religious or secular.  *See* Cal. Dep't of Public Health, *Blueprint for a Safer Economy*, https://www.cdph.ca.gov/Programs/CID/DCDC/Pages/COVID-19/COVID19CountyMonitoringOverview.aspx (last visited Dec. 5, 2020).  Finally, Defendants intend to submit information concerning the current, quite troubling state of the COVID-19 pandemic in California and the impact that the relief sought by Plaintiffs would have on public health.  However, the current schedule leaves Defendant insufficient time to provide this information.

In order to ensure that Plaintiffs' request for injunctive relief is based on a complete, up-to-date record, and the parties have adequate time to brief these important issues, Defendant respectfully requests that the Court set a briefing and hearing schedule that permits Plaintiffs to supplement their motion for injunctive relief with additional evidence and legal argument, if they so choose, and provides Defendant a reasonable opportunity to respond.  Defendant proposes that any supplemental filing by Plaintiffs be filed by Wednesday, December 9, that Defendant respond by Monday, December 14, that Plaintiffs file any reply by Wednesday, December 16, and the Court hold a hearing on the motion on Friday, December 18.

| | | |
|---|---|---|
| 1 | Dated: December 5, 2020 | Respectfully submitted, |
| 2 | | |
| 3 | | XAVIER BECERRA<br>Attorney General of California<br>BENJAMIN M. GLICKMAN |
| 4 | | Supervising Deputy Attorney General<br>TODD GRABARSKY |
| 5 | | Deputy Attorney General |

/s/ *Seth Goldstein*
SETH E. GOLDSTEIN
Deputy Attorney General
*Attorneys for Defendant*
*Governor Gavin Newsom*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: December 5, 2020          */s/ Todd Grabarsky*
                                  TODD GRABARSKY